UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HABTOM O. TESFAMARIAM, | ) |
| Plaintiff, | ) No. CV-08-0213-CI |
| v. | ) ORDER GRANTING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) AND DIRECTING ENTRY OF |
| | ) JUDGMENT FOR PLAINTIFF |
| Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 15, 21.) Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Richard A. Morris represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 7.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and **REMANDS** the case to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

**JURISDICTION**

On February 25, 2004, plaintiff Habtom O. Tesfamariam (Plaintiff) filed applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). (Tr. 114, 118-35, 612.) Plaintiff alleged disability due to bipolar disorder, schizophrenia, psychosis NOS, schizoaffective disorder and mental

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

illness, with an alleged onset date of June 1, 2002. (Tr. 114, 119.) Benefits were denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge (ALJ), which was held before ALJ R. J. Payne on May 1, 2007. (Tr. 618-52.) Plaintiff, who was represented by counsel, and medical expert Ronald Klein, Ph.D., testified. The ALJ denied benefits on June 29, 2007. (Tr. 29-39.) The Appeals Council denied review. (Tr. 4-6.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 28 years old, single, with a tenth grade education and graduate equivalency degree. (Tr. 637.) He had work experience as a stocker in a department store, a laborer, a gutter cleaner, and an auto detailer. (Tr. 639-42.) He testified he was not able to work because of visual and auditory hallucinations that were unchecked by his medication. (Tr. 642-43.) He stated his medication also caused tremors and dry mouth. (Tr. 644.) Plaintiff had a long history of substance abuse and psychiatric hospitalizations for drug induced psychosis. He testified he had used cocaine the month before the hearing. (Tr. 645.) He reported living in mental health treatment facilities and participating supported living programs and chemical dependency treatment meetings. (Tr. 646-51.)

## ADMINISTRATIVE DECISION

At step one, ALJ Payne found Plaintiff had not engaged in

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

substantial gainful activity since the alleged onset date of June 1, 2002. (Tr. 32.)  At step two, he found Plaintiff had the severe impairments of "a schizoaffective disorder with psychotic features, and a polysubstance abuse/addiction disorder." (Tr. 32.) At step three, he determined Plaintiff's substance use disorder met Listing section 12.09, and was therefore "disabled" with the effects of substance abuse. (Tr. 34.)  The ALJ then found that if Plaintiff stopped the substance abuse "the remaining limitations would cause more than a minimal impact on [his] ability to perform basic work activities; therefore, the claimant would continue to have a severe impairment or combination of impairments," but those impairments without the consideration of substance abuse would not meet or medically equal any of the Listings. (Tr. 34-35.)  He determined Plaintiff's substance use disorder was a contributing factor material to the initial finding of disability. (Tr. 38.)

At step four, in his assessment of Plaintiff's residual functional capacity (RFC), the ALJ found Plaintiff's impairments without the effects of substance use could reasonably cause symptoms alleged, but Plaintiff's statements regarding the intensity and limitations were "not entirely credible." (Tr. 37.)  ALJ Payne concluded that if Plaintiff stopped the substance use, he would have the RFC for "a wide range of gainful work activities at all exertional levels." (Tr. 35.)  However, he found Plaintiff had never engaged in substantial gainful activity and, therefore, had no significant past relevant work. (Tr. 37.)  At step five, the ALJ found without substance abuse, Plaintiff's ability to work would not be affected by remaining non-exertional limitations.  (Tr. 38.)

Applying the medical vocational guidelines (Grids) at step five, the ALJ concluded if Plaintiff stopped his substance abuse, there were other jobs in the national economy Plaintiff could perform. (*Id.*) Based on the second sequential evaluation, the ALJ concluded Plaintiff would not be disabled within the meaning of the Social Security Act if he stopped the substance abuse. (*Id.*)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment"

which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ erred when he: (1) found substance abuse was a contributing factor material to his disability; and (2) improperly rejected the opinions of examining and reviewing medical sources. (Ct. Rec. 16.)

**DISCUSSION**

**A.   Sequential Evaluation in the Context of Substance Addiction**

The Contract with America Advancement Act of 1996 (CAAA) amended the Social Security Act, providing that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. 423(d)(2)(C). Special statutes and regulations govern disability claims that involve substance abuse.

Under the Regulations implemented by the Commissioner, the ALJ must follow a specific analysis that incorporates the sequential process discussed above. 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must conduct the five-step inquiry without attempting to determine the impact of substance addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, the claimant is not entitled to benefits, and there is no need to proceed with further analysis. *Id*. If the ALJ finds the claimant disabled, and there is evidence of substance addiction, the ALJ should proceed under the sequential evaluation and §§ 404.1535 or 416.935 to determine if the claimant would still be disabled absent

the substance addiction. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). If found disabled with the effects of substance addiction, it is the claimant's burden to prove substance addiction is not a contributing factor material to her disability. *Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007). As stated by the *Parra* court, a drug addicted claimant "who presents inconclusive evidence of materiality has no incentive to stop [abusing drugs], because abstinence may resolve his disabling limitations and cause his claim to be rejected or his benefits terminated." *Id.* Thus, through the CAAA, Congress seeks "to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy." *Ball v. Massanari*, 254 F.3d at 817, 824 (9th Cir. 2001).

Here, ALJ Payne found Plaintiff was disabled with the effects of diagnosed substance abuse/addiction disorder at step three of his first sequential evaluation. Specifically, he found Plaintiff's diagnosed schizoaffective disorder as exacerbated by substance abuse met the Listing for 12.09 (substance addiction disorder), 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 34.) Excluding the effects of substance use, the ALJ conducted a second sequential evaluation and found at step two that Plaintiff "would continue to have" a severe mental impairment of schizoaffective disorder. (*Id.*)

As discussed by the ALJ, the Social Security regulations require the application of a special technique in evaluating the mental impairments. (Tr. 34.) The Commissioner must first evaluate the severity of the impairment, through the use of the PRTF, and then (if the severity does not meet or equal a Listing), assess the claimant's remaining functional capacity to do work related activities, through the use of the mental RFC Assessment form. 20

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

C.F.R. §404.1520a, 416.920a; *see Maier v. Commissioner of Social Sec. Admin.*, 154 F.3d 913, 915 (1998). In his step three findings with the effects of substance abuse disorder, ALJ referenced the written psychiatric review technique form (PRTF) completed by medical expert Ronald Klein, Ph.D., in which Dr. Klein opined that absent the consideration of substance addiction, Plaintiff's mental disorder caused no restrictions on his activities of daily living, mild difficulties maintaining social functioning, as well as concentration, persistence or pace, and no episodes of decompensation. (Tr. 34, 603.) Nonetheless, at step two of the second sequential evaluation, the ALJ concluded Plaintiff's schizoaffective disorder *without the effects* of substance abuse/addiction caused more than minimal limitations on his ability to perform work activities, and was, therefore, severe. (Tr. 34.)

Although Dr. Klein completed a written PRTF, he did not complete a written mental RFC. However, Dr. Klein, testified that although Plaintiff carried a diagnosis of schizoaffective disorder, he would be employable if the effects of the substance abuse/addiction were absent, but "one would have to select certain jobs" for the Plaintiff, and Plaintiff "could not just go into the open market" and be able to perform any given job. (Tr. 627.) Dr. Klein even mentioned that Plaintiff may have symptoms of hearing voices, but not every day, and not "preventing him from doing gainful activity." (Tr. 628.)

As follow-up to this testimony, Plaintiff's counsel specifically asked Dr. Klein what work-related functional limitations Plaintiff would experience due to his mental disorder,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

without substance abuse.  (Tr. 635.)  Dr. Klein opined Plaintiff would need a "simple, straightforward" job, with not a lot of social interaction, a repetitive set of limited tasks, and "a supervisor to stop by once a day" to encourage and check up on Plaintiff.  (*Id*.) Dr. Klein also opined that Plaintiff's mental disorder would cause him some problems "modulating his emotional life."  (Tr. 636.)  Dr. Klein's opinions regarding functional limitations without the effects of substance abuse/addiction are supported by the unrejected psychological assessment administered by Dr. John McRae, Ph.D., while Plaintiff was living in a psychiatric supported living program and "experiencing psychotic symptoms in the absence of substance abuse."  (Tr. 497-99.)  Dr. Klein's important non-exertional limitations without the effects of substance abuse/addiction were neither rejected by the ALJ, nor incorporated in the second sequential evaluation at steps four and five.  The ALJ's failure to consider these significant non-exertional limitations by accepted medical sources is legal error.  Further, in light of Dr. Klein's testimony that Plaintiff would be able to do only certain jobs, would not be suitable on the open market, and would need a supportive supervisor, the ALJ's conclusory finding at step five that Plaintiff's mental impairments have little or no effect on his ability to do a work at all exertional levels is not supported by substantial evidence.

**B.   Steps Four and Five - Use of the Grids**

At step four, the Commissioner makes RFC findings, and determines if a claimant can perform past relevant work.  The Commissioner has defined the RFC as is an "assessment of an

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," *i.e.*, for eight hours a day for five days a week, or an equivalent work week. *SSR* 96-8p. The RFC determination must address medical source opinions, and if the assessment conflicts with a medical source opinion, the ALJ must explain why that opinion was not adopted. *Id*.

If it is determined at step four that a claimant cannot perform past work, or as is the case here, does not have past relevant work, the ALJ continues to step five. 20 C.F.R. §§ 404.1520(a)(4)(iv), (v), 416.920(a)(4)(iv),(v). At step five, the burden shifts to the Commissioner to consider the claimant's RFC, age, education and work experience, and show the claimant can perform other work in the national economy. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

The medical-vocational guidelines (Grids) were adopted by the Social Security Administration (SSA) to improve the efficiency and uniformity of Social Security benefits proceedings at step five, when the Commissioner is obliged to prove there are other suitable jobs available. *Desrosiers v. Secretary of Health and Human Serv's*, 846 F.2d 573, 577 (9th Cir. 1988). Pursuant to rulemaking authority granted by Congress, the SSA developed a matrix of four factors (physical ability, age, education and work experience) that could be used by the Commissioner to determine whether work exists that a claimant can perform. This established a consistent procedure at step five for identifying other jobs that did not rely on vocational expert testimony. "Where a claimant's qualifications correspond to

the job requirements identified by the rule, the guidelines direct a [step five] conclusion as to whether work exists that the claimant could perform." *See Heckler v. Campbell*, 461 U.S. 458, 461-62 (1983)(use of Grids upheld as valid).

The use of the Grids is appropriate where "a claimant's functional limitations fall into a standardized pattern accurately and completely described by the Grids." *Tackett,* 180 F.3d at 1103 (*citing Desrosiers*, 846 F.2d at 577). "Significant non-exertional impairments make reliance on the Grids inappropriate." *Desrosiers*, 846 F.2d at 577. Non-exertional limitations are those that do not depend on an individual's physical strength, such as mental, sensory, manipulative and environmental limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 (9th Cir. 1989). Where non-exertional limitations exist, "the ALJ must examine independently the additional adverse consequences resulting from the nonexertionary impairment." *Id.* at 1156. The Grids are then used as a "framework," because, alone, the Grids do not fully describe the claimant's abilities and limitations. *Tackett*, 180 F.3d at 1102. Further, a vocational expert is required where "a claimant's non-exertional limitations are in themselves enough to limit his range of work." *Polly v. Bowen*, 864 F.2d 661, 663-64 (9th Cir. 1988).

Here, the ALJ erred at steps four and five when he failed to consider the significant non-exertional mental and emotional limitations identified by Dr. Klein and Dr. McRae, resulting from Plaintiff's mental disorder without substance addiction. As discussed above, the ALJ found Plaintiff's schizoaffective disorder was severe, *i.e.* it "would cause more than a minimal impact on [his]

ability to perform basic work activities." (Tr. 34.) This finding is inconsistent with the ALJ's unexplained step five finding that Plaintiff's mental limitations would have "little or no effect" on his ability to do unskilled work. (Tr. 38.) The presence of significant non-exertional limitations caused by a severe mental impairment makes the ALJ's application of the Grids inappropriate. *Polly*, 864 F.2d at 663-64. Thus, the Commissioner did not meet his burden at step five to show there are a significant number of jobs in the national economy Plaintiff is able to perform. Because vocational expert testimony is needed to resolve the step five issue, remand for additional proceedings is appropriate. *Harman*, 211 F.3d at 1178. Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is **GRANTED,** and the matter is remanded to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g), including testimony by a vocational expert if step five is reached;

2. Defendant's Motion for Summary Judgment **(Ct. Rec. 21)** is **DENIED**.

3. An application for attorney fees may be made by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for **Plaintiff** and the file shall be **CLOSED**.

DATED August 14, 2009.

                S/ CYNTHIA IMBROGNO
          UNITED STATES MAGISTRATE JUDGE